UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Mark McQueen,

    Plaintiff,

v.                                              Case No. 2:13-CV-195
                                                HON. R. ALLAN EDGAR

Jeffrey Woods, *et al.*,

    Defendants.

_____/

## OPINION & ORDER

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the following five employees of the Michigan Department of Corrections (MDOC): Warden Jeffrey Woods, Round Unit Officer (RUO) John Harrison, RUO Barry Butler, Assistant Resident Unit Supervisor (ARUS) Kenneth Dunton, and ARUS John Doe. On February 11, 2014, this Court granted Defendants' motions for summary judgment. Docket ## 31, 32. Plaintiff subsequently appealed this decision to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed this Court's decision to dismiss the claims against Defendants Woods, Butler, Dunton, and Doe, but it vacated this Court's order granting summary judgment to Defendant Harrison on the grounds of exhaustion. Docket # 39. Plaintiff's remaining claim against Defendant Harrison is an Eighth Amendment excessive force claim. Defendant has filed a motion for summary judgment (Docket # 56) claiming that Plaintiff has not exhausted his claim and that his claim lacks merit. Plaintiff has filed a response (Docket # 66), and Defendant has replied (Docket # 72).

On October 17, 2012, when Defendant Harrison and CO Lelierve arrived to

Plaintiff's cell, Defendant and CO Lelierve saw that Plaintiff and Cosey were fist fighting. Docket # 57-21 at 3. Upon seeing this situation, Defendant Harrison ordered the two prisoners to "stop fighting now." Docket # 57-21 at 4. In that moment, Plaintiff's back was pointed toward the Officers, and he was facing the back of the cell where Cosey was located. Docket # 57-22 at 4. Plaintiff admitted to deliberately ignoring Defendant's first order to stop fighting so that he could "get [himself] a few more punches in while the cell door was still closed." Docket # 57-24 at 5 (emphasis omitted); *see also* Docket ## 57-20 at 3; 57-21 at 4. Since the fighting continued, Defendant and CO Lelierve entered the cell. Docket # 57-20 at 4. At this time, Defendant Harrison again ordered the prisoners to stop fighting now. *Id.*, Docket # 57-21 at 4, Docket # 57-22 at 4-5. Cosey complied with the order by placing his hands in the air. Docket ## 57-20 at 3; 57-21 at 4; 57-22 at 4-5. However, Plaintiff turned to face the Officers for a split second, and then turned back to face Cosey. Docket # 57-21 at 3; 57-22 at 5; Docket # 57-20 at 3-4. In this moment, Defendant Harrison administered the taser on Plaintiff. Docket ## 57-20 at 4; 57-21 at 4; 57-22 at 4.

   Presently before this Court is Defendant Harrison's motion for summary judgment pursuant to Federal Rules of Civil Procedure 56. Docket # 56. Plaintiff has filed a response (Docket # 66), and Defendant has replied. Docket # 72. The matter is now ready for a decision.

I.

   Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 56. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades, Indus,. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

II.

Defendant Harrison's first claim is that Plaintiff has not exhausted his administrative remedies as required before bringing an action under § 1983. In support of this argument, Defendant has provided numerous documents for this first time that he believes demonstrate how unlikely it is that Plaintiff mailed his grievance on time. Even though Defendant has raised the issue of exhaustion again, this Court will not re-evaluate this claim because the Sixth Circuit's opinion clearly states that there is "a genuine issue of material fact as to whether [Plaintiff] complied with the November 14, 2012 [grievance] deadline." Docket # 39 at 4. Instead, this Court will focus entirely on Defendant's second argument—that Plaintiff's claim lacks merit.

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege

guaranteed by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff claims that Defendant (a Corrections Officer with the Michigan Department of Corrections) violated his Eighth Amendment right to be free from excessive force when Defendant tased him on October 17, 2012. Defendant Harrison alleges that he properly tased Plaintiff because Plaintiff was fist fighting his cellmate and ignoring Defendant Harrison's direct orders to stop fighting.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

However, not "every malevolent touch by a prison guard gives rise to a[n Eighth Amendment] cause of action." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312 (1986), should be applied. *Hudson*, 503 U.S. at 7; *see also*

*Wilkins v. Gaddy*, 559 U.S. 34, 36-39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

Notably, "prison officials 'must make their decisions in haste, under pressure, and frequently without the luxury of a second chance.'" *Cordell v. McKinney*, 759 F.3d 573, 581 (6th Cir. 2014) (citing *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) and quoting *Hudson*, 503 U.S. at 6). Thus, "[t]he issue is . . . not whether the use of force was absolutely necessary in hindsight, but 'whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" *Griffin*, 604 F.3d at 954 (quoting *Whitley*, 475 U.S. at 321). "The Sixth Circuit has emphasized that the use of tasers must be evaluated under all the circumstances." *Hublick v. Cnty. of Otsego*, No. 12-CV-14146, 2014 WL 4955403, at *10 (E.D. Mich. Feb. 6, 2014) (citing *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992)).

Upon review of the evidence on record, it is clear that Defendant's use of a taser in this instance was not done maliciously or sadistically; rather, it was done in an attempt to restore discipline and minimize injury. *Hudson*, 503 U.S. at 6-7. It is undisputed that on October

17, 2012, Defendant observed Plaintiff and Cosey fighting in their cell. *See* Docket # 57-15 at 2 (showing Plaintiff admitted to fighting and pleaded guilty to a misconduct ticket for fighting on October 17, 2012). After witnessing the fight, Defendant attempted to cease the violence by ordering that the inmates stop fighting now; however, Plaintiff admittedly decided to ignore Defendant's direct order because he wanted to get a few more punches in. Docket # 57-24 at 5. When Defendant entered the cell and gave the second order to stop fighting, Plaintiff (unlike Cosey[1]) hesitated long enough to make Defendant believe Plaintiff was, again, disobeying his direct order. *See* Docket # 57-20 at 3 (noting Defendant tased Plaintiff to minimize injury to Cosey and the Officers, and restore discipline); Docket # 57-21 at 4-5 (noting CO Lelierve thought deploying the taser was needed to minimize further injury to Cosey and to the Officers). Consequently, Defendant used the taser in an attempt to restore discipline and minimize injury, which is a permissible use of force under the Eighth Amendment. *See Hudson*, 503 U.S. at 6-7 (noting force was appropriately applied in a good-faith effort to maintain or restore discipline); *Hublick*, 2014 WL 495403, at *5 ("[P]rison officials may use physical force in the form of tasers to compel obedience by inmates."); *see also Caldwell*, 968 F.2d at 600 (noting the use of a taser is not *per se* improper within a prison, especially when not using a taser would likely result in even greater force). Based on this information, it is clear that Defendant was not administering force "totally without penological justification.*"* *Rhodes*, 452 U.S. at 346. As a result, Plaintiff's excessive force claim is denied for lack of merit.

---

[1] Inmate Cosey was not tased because after the second order to stop fighting was given, he immediately put his hands in the air, indicating that he was complying with the order. Docket # 57-20 at 2; Docket # 57-21 at 4; Docket # 57-22 at 4. CO Lelierve stated that had Cosey not complied with the order, he was prepared to tase him as well in an attempt to restore discipline and minimize any (greater) injury to the inmates and the Officers. Docket # 57-21 at 4-5.

III.

Overall, despite the Court's obligation to construe handwritten *pro se* documents liberally, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Fed. R. Civ. P. 56; *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and will only be dismissed if the claim undoubtedly contains no facts to support its request for relief). Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** (Docket # 56) and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). For the same reasons that the court grants Defendant's motion for summary judgment, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If Plaintiff is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.

Dated:__9/23/2015_____      ___/s/ *R. Allan Edgar*_____
                                                              R. ALLAN EDGAR
                                                              UNITED STATES DISTRICT JUDGE